IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRY SLAUGHTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-340-MEF |
| ) | |
| SIBLEY G. REYNOLDS and ) | |
| ROBERT BOWERS, JR., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed April 30, 2010). For good cause, it is the Recommendation of the Magistrate Judge that this action be dismissed for failure to prosecute.

**I.  PARTIES**

Plaintiff, Perry Slaughter ("Slaughter" or "Plaintiff"), is a resident of Clanton, Alabama. Defendants are Judge Sibley Reynolds ("Reynolds") and Robert Bower, Jr. ("Bower").

**II.  NATURE OF CASE/BACKGROUND**

Slaughter initiated this action on April 21, 2010 when he filed his Complaint and application to proceed *in forma pauperis*. *See* Docs. 1 and 2. As required when an

application to proceed *in forma pauperis* is received, the Court reviewed Slaughter's handwritten financial affidavit. *See* Doc. 2. On May 4, 2010, Slaughter filed an Amended Complaint wherein he alleges his constitutional rights were violated and he wants somewhere to live. *See* Doc. 4. He further attached another financial affidavit though it was originally not docketed separately. *Id*. On June 14, 2010, the Court reviewed the original application to proceed *in forma pauperis* and determined it was insufficient and ordered an amended application and affidavit. *See* Doc. 5. The amended affidavit with detailed expenditures would be due on or about July 16, 2010. *Id*. As the Court reviewed the file in early July it noticed the new affidavit attached to the Amended Complaint which was docketed prior to the order to file an amended affidavit. Thus, the Court vacated its prior order and granted the motion to proceed *in forma pauperis*, but a review of the Amended Complaint revealed jurisdictional deficiencies that unless corrected mandate dismissal under 28 U.S.C. § 1915(e)(2)(B). *See* Docs. 7 and 8. Thus, the Court issued an order requiring Slaughter to file another amended complaint on or before August 20, 2010. *See* Doc. 8. Slaughter failed to comply.

### III.  DISMISSAL FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S.

626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action. Slaughter was sent notice of the requirement to file an amended complaint and his deadline to respond. *See* Doc. 8. Moreover, the Court's order clearly detailed the consequences of a failure to respond. *Id.* Slaughter still did not respond, nor did the mail return as undeliverable. Consequently, it is reasonable to conclude that Slaughter has chosen to abandon prosecution of his claims.

### IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)    This action be **DISMISSED without prejudice for lack of prosecution**.

(2)    Any other outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **September 8, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of August, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE